**UNITED STATES DISTRICT COURT,
DISTRICT OF KANSAS
KANSAS CITY**

| | | |
|---|---|---|
| DAN WILKINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09-CV-2346 CM/JPO |
| | ) | |
| ALLIANCE ONE, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

DAN WILKINSON (Plaintiff), through his attorneys, KROHN & MOSS, LTD., alleges the following against ALLIANCE ONE, (Defendant):

**INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

2. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**JURISDICTION AND VENUE**

3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Defendant does business in the state of Kansas, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

6. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

7. Plaintiff is a natural person residing in Lenexa, Johnson County, Kansas.

8. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

9. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

10. Defendant is a national company with its headquarters in Trevose, PA.

11. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

12. Defendant constantly and continuously placed collection calls to Plaintiff seeking and demanding payment for an alleged debt.

13. Defendant threatened to take legal action against Plaintiff by verbally threatening to "move forward with legal action".

14. Defendant called Plaintiff from 651-255-4121.

15. Defendant called Plaintiff on Plaintiff's cell phone 913-238-8271 and home phone 913-563-7458.

16. Defendant called Plaintiff and hung up without leaving a voicemail message.

17. Defendant calls Plaintiff and does not provide meaningful disclosure of the caller's identity

18. Defendant failed to disclose in subsequent communications that the communication was from a debt collector (See Exhibit A).

## COUNT I

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

19. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692(d)* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, and abuse Plaintiffs.

    b. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring and engaging Plaintiffs repeatedly and continuously with the intent to annoy, abuse, and harass.

    c. Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity.

    d. Defendant violated *§1692e(2)(A)* of the FDCPA by falsely representing the character, amount, and legal status of Plaintiffs' debt.

    e. Defendant violated *§1692e(5)* of the FDCPA by threatening to take legal action against Plaintiff.

    f. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by failing to disclose in subsequent communications that the communication was from a debt collector.

    g. Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in subsequent communications that the communication was from a debt collector.

20. As a direct and proximate result of one or more or all of the statutory violations above Plaintiff has suffered emotional distress (see Exhibit B).

WHEREFORE, Plaintiff, DAN WILKINSON, respectfully requests judgment be entered against Defendant, ALLIANCE ONE, for the following:

21. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

22. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

23. Actual damages,

24. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

25. Any other relief that this Honorable Court deems appropriate.

Plaintiff designates Kansas City as place for trial.

RESPECTFULLY SUBMITTED,

By: _/s/PatrickCuezze_____ _____
[ ] Patrick Cuezze
Attorneys for Plaintiff
Krohn & Moss, Ltd.
10474 Santa Monica Blvd.
4th Floor
Los Angeles, CA 90025
(816) 931-0911 (direct)
e-mail: pcuezze@consumerlawcenter.com

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, DAN WILKINSON, demands a jury trial in this case.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF KANSAS

Plaintiff, DAN WILKINSON, states the following:
1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, DAN WILKINSON, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

6/24/2009
Date

DAN WILKINSON

PLAINTIFF'S COMPLAINT                    5

# **EXHIBIT A**

Message is for Kim Masters.  Kim, this is Jeremiah.  I need a call back from you right away at 1-800-419-2692.  Again that is 1-800-419-2692.  I need a call back from you as soon as you get this message.

Message is for Kimberly Masters.  This is Jeremiah.  Call me at 1-800-419-2692.  Again that is 1-800-419-2692.

Message is for Kimberly Masters.  Kimberly, this is Jeremiah.  Call me at 1-800-419-2692.  Again that number is 1-800-419-2692.

# **EXHIBIT B**

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness — **YES** NO
2. Fear of answering the telephone — **YES** NO
3. Nervousness — **YES** NO
4. Fear of answering the door — **YES** NO
5. Embarrassment when speaking with family or friends — YES **NO**
6. Depressions (sad, anxious, or "empty" moods) — **YES** NO
7. Chest pains — YES **NO**
8. Feelings of hopelessness, pessimism — **YES** NO
9. Feelings of guilt, worthlessness, helplessness — **YES** NO
10. Appetite and/or weight loss or overeating and weight gain — YES **NO**
11. Thoughts of death, suicide or suicide attempts — YES **NO**
12. Restlessness or irritability — YES **NO**
13. Headache, nausea, chronic pain or fatigue — **YES** NO
14. Negative impact on my job — YES **NO**
15. Negative impact on my relationships — **YES** NO

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: _____

_____
_____
_____
_____

Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 6/24/2009

_____
Signed Name

Daniel J. Wilkinson
Printed Name